UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ABRAHAM PARK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA AND UNUM GROUP )<br>CORP. (f/k/a UNUMPROVIDENT CORP.), )<br>)<br>    Defendants. ) | Case No. 1:09-CV-251<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is a motion for summary judgment brought by Defendants Unum Life Insurance Company of America and Unum Group Corporation, formerly known as UnumProvident Corporation ("Defendants") (Court File No. 12). Plaintiff Abraham Park ("Plaintiff") filed a response (Court File No. 14), and Defendants replied (Court File No. 15).

In this ERISA action for long-term disability benefits, Defendants assert Plaintiff's suit falls outside a contractual three-year limitation period contained in the policy. Consequently, Defendants argue this action is time-barred and must be dismissed. Plaintiff does not dispute the underlying facts, but argues the suit is not untimely because the policy's limitation provision is ambiguous and/or unreasonable. Because the issues of ambiguity and reasonableness are both questions of law, the Court may resolve these issues on summary judgment. Accordingly, the Court determines the limitation provision is neither ambiguous nor unreasonable, and, therefore, Plaintiff's suit is time-barred. Defendants' motion (Court File No. 12) will be **GRANTED** and this case will be **DISMISSED**.

**I.     BACKGROUND**

The facts necessary for this motion for summary judgment are undisputed (Court File No. 14, at 1).

From May 1, 1997, until September 11, 2004, Plaintiff was employed by John Linn Associates, Inc. ("Associates"). While an Associates' employee, Plaintiff was covered by a group long-term disability insurance policy issued by Defendants. In October 2004, Plaintiff submitted notice of a disability on this policy, alleging the first day of disability was September 11, 2004. Defendants responded with letters on November 1, 2004, and November 18, 2004, requesting Plaintiff provide proof of claim as required by the policy. Plaintiff submitted proof of claim on December 8, 2004.

After reviewing Plaintiff's claim, Defendants concluded there was insufficient medical support for Plaintiff's alleged disability and denied his claim by a letter dated April 28, 2005. Plaintiff did not appeal the initial denial of his claim. Rather, he opted to have the claim reevaluated through Defendant's reassessment process on April 5, 2006. After completing the reassessment, Defendants confirmed its original decision to deny Plaintiff's claim in a letter dated December 28, 2006.

On August 24, 2009, Plaintiff filed a complaint in Circuit Court of Hamilton County, Tennessee (Court File No.1-1). Thereafter, Defendants removed the case to federal court and filed this motion.

Plaintiff's group long-term disability insurance policy contains the following relevant provisions:

> F.  NOTICE AND PROOF OF CLAIM
> [. . .]

>     2. Proof
>         a. Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.
>         b. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required.
> [. . .]
> H. LEGAL PROCEEDINGS
>     A claimant or the claimant's authorized representative cannot start any legal action:
>         1. until 60 days after proof of claim has been given; or
>         2. more than 3 years after the time proof of claim is required.

(Court File No. 12-1, Exhibit 1). The parties elaborated in their filings that the "end of the elimination period" referred to in Part F, Section 2(a) falls 180 days after the first day of disability. (Court File No. 13, at 4; Court File No. 14, at 3). In addition, as part of the reassessment process, the parties expressly agreed that "any applicable statute of limitations is tolled during the pendency of the reassessment of [Plaintiff's] claim" (Court File No. 12-1, Exhibit 12).

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323.

**III. DISCUSSION**

Defendant asserts Plaintiff's claim is barred by the policy's three-year limitation provision. Defendant asserts the limitation period began running on March 10, 2005, and expired on December 2, 2008, which includes both the three-year limitation and the 267 days the limitation period was tolled while Plaintiff's claim underwent Defendant's reassessment process.

The parties do not dispute this action is governed by ERISA. Because ERISA does not contain a statute of limitation for claims seeking benefits, courts normally borrow the most analogous stat statute of limitation to apply to ERISA claims. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009). However, "'[c]hoosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is reasonable.'" *Id.* (quoting *Med. Mut. of Ohio v. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008) (alteration in original)).

In this case, the parties agree the policy imposes a three-year limitation period. Plaintiff argues this action is not barred by it, however, for two reasons. First, Plaintiff argues the policy's limitation provision is ambiguous and, consequently, should be interpreted in favor of the insured.

4

Second, in the alternative, Plaintiff argues the three-year limitation period is unreasonable and therefore unenforceable as a matter of law. Plaintiff's arguments are addressed in turn.

**A. Ambiguity**

Whether a term in an insurance policy is ambiguous is a question of law. *Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 369 (6th Cir. 2009) (citing *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 851 (6th Cir. 2006). Ambiguity exists "if the language is susceptible to two or more reasonable interpretations." *Royal Ins. Co. of America v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 421 (6th Cir. 2008). "In making such a determination, a district court is counseled to read the contract as a whole, and to give the contract language its ordinary and natural meaning." *Id.* (quoting *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

If a contract term is clear and unambiguous, there is no issue of fact to be determined. *Id.* "In such instances, a court should not use extrinsic evidence to 'attempt to discern the intent of the parties,' but rather should determine their intent from 'the plain language of the contract.'" *Id.* (quoting *United States v. Donovan*, 348 F.3d 509, 512 (6th Cir. 2003)). In addition, summary judgment is proper when the documents in question are undisputed and no question exists as to the intent of the parties. *Int'l Union, United Mine Workers of Am. v. Apogee Coal Co.*, 330 F.3d 740, 744 (6th Cir. 2003). If a term in a contract is ambiguous, however, the court should construe the term in favor of the insured and against the drafting party. *Univ. Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 867-47 (6th Cir. 2000); *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 n.7 (6th Cir. 1998) (en banc).

Here, based upon the plain language of the policy, the Court concludes the date on which the limitation period began to run is unambiguous and therefore creates a bar to Plaintiff's action.

5

Plaintiff's insurance policy bars legal actions commenced more than three years after the date proof of claim is required under the policy (Court File No. 12-1, Exhibit 1; Part H, Section 2). Proof of claim is required "no later than 90 days after the end of the elimination period. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required." (*id.*; Part F, Section 2(a)-(b)). The elimination period begins on the date the disability is alleged to have commenced and is also 90 days long (*id.*; Section II - "Definitions"). Therefore, ninety days after the "end of the elimination period" is 180 days from the first day of disability. In other words, the limitation period lapses after 3 years, 180 days after the first date of disability, unless "it is not possible to give proof within these time limits." (*id.*; Part F, Section 2(a)-(b)).

From these requirements, Defendant asserts Plaintiff's action is untimely. The following dates are undisputed: The first day of disability alleged by Plaintiff is September 11, 2004. Thus, the elimination period ended 90 days later, on December 10, 2004, and proof of claim was required another 90 days after that, on March 10, 2005. The limitation provision in the policy started running on March 10, 2005, and would have ended on March 10, 2008, except the parties agreed to toll the limitation period while the claim went through Defendant's reassessment process (Court File No. 12-1, Exhibit 12). That process began on April 5, 2006, and ended on December 28, 2006–a span of 267 days. Adding the period tolled to the original end of the limitation period, the policy's limitation period ended on December 2, 2008. Because this action was filed on August 24, 2009, Defendant asserts it is time-barred.

Plaintiff does not dispute Defendant's calculations. However, Plaintiff points to second clause of the policy's requirements for providing proof of claim, which states "If it is not possible

6

to give proof [before 90 days after the end of the elimination period], it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required." (Court File No. 12-1, Exhibit 1; Part F, Section 2(b)). Because the three-year limitation provision runs from the date proof of claim is required, Plaintiff argues it is ambiguous whether it begins to run from the 180th day after the first day of disability, as established under section 2(a), or whether it begins to run an additional year after that, as established in section 2(b). Plaintiff argues it is ambiguous because "either proof is due 90 days after the elimination period, or it is due one year later than that, approximately 15 months after the end of the eliminations period" (Court File No. 14, at 3).

This Court is not the first to evaluate the ambiguity of language nearly identical to that found in the underlying policy. In two cases cited by Defendants, the courts concluded the "impossibility" clause for the proof of claim requirement did not render the limitation clause ambiguous, because in neither case did the claimant argue it was impossible to give proof within 90 days of the end of the elimination period. *See Koert v. GE Group Life Assurance Co.*, 416 F. Supp. 2d 319, 322-23 (E.D. Penn. 2005); *Klimowicz v. Unum Life Ins. Co. of Am.*, 296 F. App'x 248, 251 n.2 (3d Cir. 2008). In another case, where the plan administrator argued proof of claim was untimely submitted, however, the district court concluded the impossibility clause was in fact ambiguous. *See Goepfert v. Trustmark Ins. Co.*, No. 05C1132, 2008 WL 4091036, at *2 (E.D. Wis. Aug. 28, 2008).

The Eastern District of Pennsylvania concluded in *Koert* that policy language nearly identical to that found here was unambiguous. In that case, the policy stated:

> [The claimant] will be required to submit all Proofs of claim . . . within 90 days after the Elimination Period. If you cannot send such Proof within this time limit, it must be sent as soon as reasonably possible, but in no event, except in the absence of legal capacity, later than one year after the time such Proof is otherwise required.

7

*Koert*, 416 F. Supp. 2d at 322. The policy also provided a three-year limitation period running from the date proof of claim was required. *Id.* Just as here, the plaintiff in *Koert* argued the start of the limitation period was ambiguous, because it was unclear whether the limitation period should begin 90 days after the elimination period or another year after that. *Id.*. The district court rejected that argument:

> I find the language of the plan is generous to the claimant, but not ambiguous. Written Proof of Claim is required within 90 days of the elimination period, unless the claimant cannot send such proof within the time period. Koert made no argument or claim that she could not send timely proof within the 90 day period. From the date which Proof of Claim was required, Wendy Koert had three years to file suit.

*Id.* at 323.

The Third Circuit has reached the same interpretation in a different case, which involved the same defendants as this case and the exact same policy language. *See Kilmowicz*, 296 F. App'x 248, 250-51. In *Kilmowicz*, the appellant, like Plaintiff, argued there was ambiguity because it was unclear whether the limitation period began running under the first or the second clause discussing the proof of claim requirement. The Third Circuit concluded there was no ambiguity, because the plaintiff "not only could, but did, provide his proof of claim within 90 days. Thus, this clause was never invoked." *Id.* at n.2.

The Eastern District of Wisconsin, however, found ambiguity in identical language concerning when proof of claim was to be submitted. *See Goepfert*, 2008 WL 4091036, at *2. In *Goepfert*, the court was considering whether the denial of benefits was proper because the claimant had waited too long to submit proof of claim. *Id.* In other words, the issue was the proof of claim requirement itself, rather than its role in calculating the limitation provision. In that case, the claimant did not get a proper diagnosis on his condition of early-onset Alzheimer's Disease until 21

months after he was laid off from his job. *Id.* at *1. After receiving his diagnosis, he waited an additional 15 months before submitting a claim, alleging the first day of disability was his last day of work. *Id.* Thereafter, the defendant denied the claim, arguing the claimant had failed to submit proof of claim as required by the policy. There, as here, the policy required that proof of claim be submitted "no later than 90 days after the end of the elimination period," unless "it is not possible to give proof within these time limits, it must be given as soon as reasonably possible." *Id.* at *2. The next sentence stated "proof . . . may not be given later than one year after the time proof is otherwise required." *Id.* The defendant argued this meant that the claimant "had to provide proof within one year following the ninetieth day after the elimination period." *Id.*

The district court in *Goepfert* found the second part of the impossibility clause to be ambiguous: "I read the phrase, 'otherwise required,' to refer to all the language preceding it, including the language requiring proof be provided as soon as reasonably possible. Under this reading, plaintiff's proof was not untimely because he had until one year after it was reasonably possible to give proof." *Id.*

*Goepfert* can be easily distinguished from this case. Unlike here, the claimant in *Goepfert* was invoking the impossibility clause regarding submitting proof of claim. In this case, as in *Koert* and *Kilmowicz*, Plaintiff makes no allegation that he could not submit proof of claim within 90 days of the end of the elimination period. *See Koert*, 416 F. Supp. 2d at 322-23; *Klimowicz*, 296 F. App'x at 251 n.2. Rather, Plaintiff was in fact able to submit proof of claim within the 180-day time limit set in section 2(a) of the policy.

The Court recognizes the decisions of the Eastern District of Pennsylvania and the Third Circuit are not binding by any principle of res judicata or issue preclusion. However, the Court finds

their reasoning reinforces what the Court independently concludes is the plain meaning of the policy. The policy clearly states the limitation period begins when proof of claim is required. The policy also clearly provides two dates on which proof of claim will be required. Under section 2(a), proof of claim is required within 180 days of the first day of disability. If, and only if, that is impossible, section 2(b) provides that proof of claim is required whenever it is reasonable to do so, but in no event should it be more than one year later than the date required in section 2(a). The Court finds nothing in this provision to be ambiguous.

In this case, Plaintiff has made no allegation that the impossibility provision of section 2(b) is applicable. *See Koert*, 416 F. Supp. 2d at 322-23; *Klimowicz*, 296 F. App'x at 251 n.2. In fact, Plaintiff submitted proof of claim on December 8, 2004, which was only 88 days after the first day of disability. Therefore, there is no reason to reach into section 2(b) to create ambiguity where there otherwise would be none.

Moreover, even if the Court reached into section 2(b), as Plaintiff urges, this action would still be untimely. This section of the policy flatly states "If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible." (Court File No. 12-1, Exhibit 1; Part F, Section 2(b)). In other words, section 2(b) clearly requires proof of claim whenever it is reasonable to submit the proof of claim. Because Plaintiff submitted proof of claim on December 8, 2004, it must have been reasonable to do so on that date. Thus, even if the Court used section 2(b) to calculate the limitation period, the limitation period would have lapsed even earlier, because the limitation period would have begun running on December 8, 2004, rather than on March 10, 2005, which is the 180th day after disability calculated under section 2(a).

Plaintiff's argument seems to suggest the policy is ambiguous because it was indeterminable when proof of claim would be required at the time the policy was drafted. Indeed, it is true the policy does not establish a firm date for the proof of claim requirement. Rather, the policy allows the requirement to be altered by subsequent events. The mere fact the parties could not know in advance when the requirement would attach, however, does not render the requirement ambiguous. The test for ambiguity is whether the language itself "is susceptible to two or more reasonable interpretations." *See Royal Ins. Co. of America*, 525 F.3d at 421. At the time the policy was drafted, though the future may have been ambiguous, the language of the policy was not.

**B. Reasonableness**

Plaintiff argues the three-year limitation provision in this case is unreasonable. The Court concludes that it is not.

A contractual limitations period is enforceable only to the extent it is reasonable. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009); *Med. Mut. of Ohio v. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008). The Sixth Circuit has "upheld a limitations period of three years as reasonable on numerous times." *Rice*, 578 F.3d at 454 (citing *Med. Mut. of Ohio v. Amalia Enters.*, 548 F.3d at 390; *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 301-03 (6th Cir. 2006)); *see also Longazel v. Fort Dearborn Life Ins. Co.*, No. 08-4673, 2010 WL 323385, at *2 (6th Cir. Jan. 28, 2010) (enforcing limitation period that ran three years from the date proof of claim was required). In fact, the limitation period analyzed in *Rice* was nearly identical to the one in this case. *See* 578 F.3d at 454 (interpreting limitation provision that stated "[n]o legal action may be brought more than three years after written proof of claim is required to be given.").

In *Rice*, the policy created a three-year limitations provision that ran from the date proof of claim was required. *Id.* Ordinarily, where a policy does not establish a claim accrual date–that is, the date from which the statute of limitations begins to run–courts apply the "clear repudiation rule," which states the applicable limitation period begins to run on the date "'when the plan administrator formally denies the claim for benefits.'" *Id.* at 455 (quoting *Wilkins v. Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948-49 (8th Cir. 2002)). In *Rice*, however, the policy stated the claim accrual date was not the date of a formal denial, but instead was when proof of claim was required. The Sixth Circuit then considered whether the parities could choose a claim accrual date other than that dictated by the clear repudiation rule.

*Rice* concluded parties may choose a different claim accrual date, in light of the "principle of upholding contracts between parties when the terms are reasonable." *Rice*, 578 F.3d at 455. Although the court noted there are situations in which contractual accrual dates for ERISA claims could be unreasonable, *id.* (citing *White v. Sun Life Assur. Co. of Canada*, 488 F.3d 240, 246 (4th Cir. 2007)), the court concluded "there is nothing in the language of the contract in this case to suggest that the contractual accrual date is unreasonable." *Id.* It was reasonable because the policy "avoid[ed] any situation in which the limitations period would prevent an employee from bringing suit." *Id.* The court suggested a claim accrual date would be unreasonable, however, if the limitations period could expire before a claimant knew his application had been denied. *Id.* (citing *White*, 488 F.3d 247-48).

The Court finds the limitation provision in this case was reasonable. Critically, Plaintiff makes no argument the limitations period "could expire before an employee knew that his application was denied and thus before he could file suit in federal court." *Rice*, 578 F.3d at 456.

12

The policy makes clear that Plaintiff was allowed to file suit 60 days after he provided Defendants with his proof of claim (Court File No. 12-1, Exhibit 1; Part H, Section 1). Plaintiff submitted his proof of claim on December 8, 2004. Therefore, under the policy, he was free to file a legal action any time after February 6, 2005. Moreover, Plaintiff was certainly free to file suit at any time after Defendants' formal denial of his claim on April 5, 2006. That Plaintiff waited over three years–until August 24, 2009–to file suit does not render the policy's limitation provision unreasonable.

Plaintiff does argue, however, that the limitation period could have prevented Plaintiff from challenging Defendant's decision after the reassessment process. Plaintiff suggests that Defendants could have delayed in offering the reassessment process to such an extent that the period would have expired before the process began. In such a case, Plaintiff would be unable to contest the decision on reassessment in court (Court File No. 14, at 7).

Plaintiff's argument is merely a hypothetical, however. The reassessment process ended on December 28, 2006. As discussed previously, the limitations period expired on December 2, 2008–roughly 23 months after the reassessment process was complete. Twenty-three months was more than reasonable time for Plaintiff to decide whether or not he wished to litigate his claim in federal court. Even if the event Plaintiff imagines had come to pass, Plaintiff was under no obligation to wait until he was offered the reassessment process to file suit.

The three-year limitation period in this case is reasonable. Nothing in the policy prevented Plaintiff from bringing this claim long before the limitation period expired. Likewise, Plaintiff has not indicated any reason why he could not have timely filed this action during the year before his claim was reassessed by Defendants or the nearly two years after that reassessment. Because the three-year limitation provision is reasonable, it is also enforceable and this action is time-barred.

**IV. CONCLUSION**

The Court finds the policy contained a three-year limitation provision which is neither ambiguous nor unreasonable.  Therefore, the limitation is enforceable.  Because Plaintiff does not dispute this action falls outside the limitation if strictly construed, Defendants are entitled to summary judgment.  Accordingly, the motion for summary judgment (Court File No. 12) will be **GRANTED** and this case will be **DISMISSED**.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**